UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALICE PEZZULLO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-01220 (VLB) |
| WEBSTER BANK, | : | |
|     Defendant. | : | September 19, 2008 |

## MEMORANDUM OF DECISION GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #46]

The defendant, Webster Bank ("Webster"), moves for summary judgment in this disability discrimination action filed by the plaintiff, Alice Pezzullo, pursuant to federal and state law. Webster argues that Pezzullo does not have a disability that satisfies the federal statutory definition of that term. The Court agrees with Webster's argument. Accordingly, Webster's motion for summary judgment is GRANTED as to Pezzullo's federal claims, and her state law claim is REMANDED to the Connecticut Superior Court for the Judicial District of New Haven.

Pezzullo was employed by Webster as a vice president and portfolio manager from September 17, 2001 until she was terminated on July 29, 2004. She then sued Webster in Connecticut Superior Court, asserting violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.; the Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794; and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 et seq. Webster removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Pezzullo suffers from keratoconus, an eye disease that affects the cornea,

and she contends that Webster terminated her because of her keratoconus. At her deposition, she testified to the following undisputed facts regarding the nature of her keratoconus and its effect on her daily life. She wears contact lenses, which correct her vision to 20/50 in each eye. She is currently employed as a bookkeeper and drives to her workplace but avoids driving at night unless absolutely necessary. She reads newspapers and magazines and solves word search puzzles. She needs to sit very close to her computer screen and cannot read movie subtitles. She shops for groceries but not clothing because she cannot read the tags attached to clothing. She gardens in the early morning or at dusk and must wear goggles and a bonnet because she is bothered by wind, dust, grass, and bright sunlight. She also keeps her home very dark. She suffers eye infections about once per month for a week at a time. When she has an eye infection, she wears only one contact lens but still can drive and go to work. Webster points out that Pezzullo was asked the following question at her deposition: "Do you have a belief that your keratoconus had anything to do with the decisions made by Webster Bank concerning your employment?" Pezzullo answered: "I do not." [Doc. #46, Ex. 4, p. 87] Furthermore, in Pezzullo's complaint, she alleges that her keratoconus "did not in any way impede her ability to perform her [job] duties [at Webster]." [Doc. #15, p. 8]

      Webster moves for summary judgment on the ground that Pezzullo's keratoconus does not qualify as a disability under the ADA and the Rehabilitation Act. Summary judgment "should be rendered if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69.

"To withstand a motion for summary judgment, a discrimination plaintiff must withstand the three-part burden-shifting [test] laid out by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) . . . . In a nutshell, a plaintiff first bears the 'minimal' burden of setting out a prima facie discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a legitimate, nondiscriminatory reason for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." McPherson v. New York City Dept. of Education, 457 F.3d 211, 215 (2d Cir. 2006).

"In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show (a) that his employer is subject to the ADA; (b) that he is

3

disabled within the meaning of the ADA or perceived to be so by his employer; (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of his disability." Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008). The plaintiff must make the same showing in order to maintain a claim under the Rehabilitation Act. See Stone v. City of Mount Vernon, 118 F.3d 92, 96-97 (2d Cir. 1997).

In the present case, Webster argues that Pezzullo is not disabled within the meaning of the ADA and Rehabilitation Act. Pursuant to 42 U.S.C. § 12102(2), "[t]he term 'disability' means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." That definition applies to claims under both the ADA and Rehabilitation Act. Stone, 118 F.3d at 96-97. As to part (A) of that definition, Webster and Pezzullo agree, as does the Court, that keratoconus is a physical impairment; see 29 C.F.R. § 1630.2(h)(1); and that seeing is a major life activity; see 29 C.F.R. § 1630.2(i). The issue is whether keratoconus "substantially limits" Pezzullo. "The ADA does not define 'substantially limits,' but 'substantially' suggests 'considerable' or 'specified to a large degree.' . . . The EEOC has codified regulations interpreting the term 'substantially limits' in this manner, defining the term to mean '[u]nable to perform' or '[s]ignificantly restricted.' See 29 C.F.R. §§ 1630.2(j)(1)(i),(ii)." Sutton v. United Air Lines, Inc.,

4

527 U.S. 471, 491 (1999). "[W]hether a person has a disability under the ADA is an individualized inquiry." Id. at 483. The person claiming to have a disability is to be compared to "the average person in the general population." 29 C.F.R. § 1630.2(j)(1). The parties cite several cases in which courts considered whether certain plaintiffs' keratoconus satisfied the definition of a disability in 42 U.S.C. § 12102(2). The Court will summarize those cases and then examine Pezzullo's keratoconus in light of them.

In Person v. Wal-Mart Stores, Inc., 65 F. Supp. 2d 361 (E.D.N.C. 1999), the plaintiff, Ann Person, worked full time days as a teacher's assistant and part time evenings as a sales associate for the defendant, Wal-Mart Stores, Inc. ("Wal-Mart"). Person suffered from keratoconus and said she was unable to work past 10 p.m. due to eye pain, blurring, and dizziness. She also experienced eye infections once every four to five months. For six and one-half years, Wal-Mart accommodated Person's request not to work later than 10 p.m. A manager then informed Person that she would have to work after 10 p.m. Person claimed that Wal-Mart's failure to continue accommodating her violated the ADA, but the district court granted Wal-Mart's motion for summary judgment on the ground that Person's keratoconus did not satisfy the ADA's definition of a disability. The court concluded that Person's keratoconus was not a substantial limitation because she testified that it did not interfere with her ability to perform either of her jobs. Furthermore, Person could drive herself to work, and she did not allege that her keratoconus caused any other adverse impact on her life. Id. at 362-64.

In Phillips v. DaimlerChrysler Corp., Docket No. Civ.A.01-247-JJF, 2003 WL 22939481 (D. Del. Mar. 27, 2003), the plaintiff, Paul Phillips, claimed that the defendant, DaimlerChrysler Corp. ("DaimlerChrysler"), violated the ADA by discriminating against him because of his keratoconus. The district court granted DaimlerChrysler's motion for summary judgment, concluding that Phillips's keratoconus was not a substantial limitation. The court explained that Phillips attended college classes, worked a variety of jobs, cared for himself, and could drive. Id. at *4.

In Jamison v. Dow Chemical Co., 354 F. Supp. 2d 715 (E.D. Mich. 2004), the plaintiff, Justin Jamison, was terminated from his employment by the defendant, Dow Chemical Co. ("Dow"). Jamison worked at Dow's chemical plant for fourteen years and then developed keratoconus, which made him very sensitive to dust and chemical vapors. Over the next two years, Dow unsuccessfully reassigned Jamison to five different positions in an attempt to accommodate his condition. Dow then terminated Jamison because it could not offer him a position that he could perform. Jamison claimed that Dow violated the ADA, but the district court granted summary judgment to Dow because Jamison's keratoconus was not a substantial limitation. Jamison was able to drive, prepare meals, read, balance his checkbook, watch television, play sports, and ride a bicycle. Id. at 728-29.

In Matthews v. Village Center Community Development District, Docket No. 5:05-cv-344-Oc-10GRJ, 2006 WL 3422416 (M.D. Fla. Nov. 28, 2006), the district

court granted summary judgment to the defendant because the plaintiff, Kimbra Matthews, had failed to establish that her keratoconus constituted a substantial limitation. The court explained that Matthews could perform all of her job duties and that the negative effects of her keratoconus were controlled by eyeglasses, contact lenses, and surgery that had been performed on her left eye. Id. at *10-*11.

In contrast to Person, Phillips, Jamison, and Matthews, the district court in McCutchen v. Sunoco, Inc., Docket No. CIV.A.01-2788, 2002 WL 1896586 (E.D. Pa. Aug. 16, 2002), determined that the plaintiff, John McCutchen, could show that his keratoconus was a disability within the meaning of the ADA. McCutchen had had an unsuccessful cornea transplant that left him blind in his left eye. His vision in his right eye was very blurry, and there was a risk that he would become completely blind if a cornea transplant was attempted in his right eye. McCutchen could not drive or watch television. He needed assistance paying his bills and completing paperwork, and he avoided reading, instead listening to books and newspapers on tape. Id. at *8-*9.

Returning to the present case, Webster argues that Pezzullo's keratoconus is similar to the keratoconus of the plaintiffs in Person, Phillips, Jamison, and Matthews. Pezzullo argues in opposition that her condition is worse than the conditions of the plaintiffs in those cases. She contends that her condition is most similar to the condition of the plaintiff in McCutchen. The Court disagrees with Pezzullo because the undisputed facts regarding her keratoconus are in line

with the plaintiffs in Person, Phillips, Jamison, and Matthews. Pezzullo is able to drive even when she experiences an eye infection. She is employed as a bookkeeper and reads newspapers and magazines. She gardens, shops for groceries, and solves word search puzzles. In her complaint, she alleges that her keratoconus "did not in any way impede her ability to perform her [job] duties [at Webster]." [Doc. #15, p. 8] There is no indication from Pezzullo's undisputed deposition testimony that her keratoconus restricts her any more significantly than keratoconus restricted the plaintiffs in Person, Phillips, Jamison, and Matthews. In contrast, the plaintiff in McCutchen was significantly restricted because he could not drive or watch television, and he could not read or pay his bills without great difficulty. Pezzullo's keratoconus does not qualify as a disability under the ADA and the Rehabilitation Act.

Webster's motion for summary judgment [Doc. #46] is GRANTED as to Pezzullo's claims under the ADA and the Rehabilitation Act. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Pezzullo's CFEPA claim and REMANDS that claim to the Connecticut Superior Court for the Judicial District of New Haven. The Clerk is directed to CLOSE this case.

                                                IT IS SO ORDERED.

                                                /s/
                                        Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: September 19, 2008.